IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FIDEL CALVILLO,** | ) | |
| | ) | No. |
| **Plaintiff,** | ) | |
| | ) | **JUDGE** |
| vs. | ) | |
| | ) | **MAGISTRATE** |
| | ) | |
| **COOK COUNTY DEPARTMENT OF CORRECTIONS COMMANDER FRANCO DOMMA,** | ) ) ) ) | **JURY DEMAND** |
| | ) | |
| **COOK COUNTY DEPARTMENT OF CORRECTIONS LT. WILLIAMS #734,** | ) ) ) | |
| | ) | |
| **COOK COUNTY DEPARTMENT OF CORRECTIONS OFFICER DEON A. MCKENZIE II,** | ) ) ) ) | |
| | ) | |
| **COOK COUNTY SHERIFF'S OFFICE,** and | ) ) | |
| | ) | |
| **COUNTY OF COOK,** | ) | |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, FIDEL CALVILLO, by and through his attorney, Melinda Power of West Town Law Office, and states as follows:

## VENUE AND JURISDICTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C Sec. 1391 (b), because some of the operative facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

## PARTIES

3. Plaintiff, **Fidel Calvillo**, was a resident of the Northern District of Illinois at all times relevant to this action

4. Defendants, Cook County Department of Corrections Commander **Franco Domma,** Cook County Department of Corrections **Lt. Williams #734** and Cook County Department of Corrections Correctional Officer **Deon A. McKenzie** were at all times relevant hereto, employees of Cook County Department of Corrections and/or the Sheriff of Cook County, a division of Cook County Government and were Correctional Officers in the Cook County Department of Corrections, and were responsible for the supervision, custody, and welfare of the Plaintiff while he was detained in the Cook County Department of Corrections. They are sued in their individual capacity.

5. **Cook County Sheriff's Office**, ("CCSO") which operates the Cook County Department of Corrections (CCDOC), is responsible for maintaining the safety of the pre-trial detainees in the CCDOC, including the prevention of attacks on inmates by other inmates.

6. Defendant **Cook County** is a municipality organized under the laws of the State of Illinois, specifically 55 ILCS 5/1-1000 et seq and is a necessary party to this complaint in order to indemnify Defendants.

7. The individual Defendants were acting under color of law at all times relevant to this Complaint.

## FACTUAL SUMMARY

8. Plaintiff was incarcerated in the CCDOC as a pre-trial detainee since 2015.

9. On March 13, 2017, Plaintiff was housed in Division 9 of the CCDOC.

10. On March 13, 2017, a gang related fight broke out on Deck 2-B in Division 9, across the hall from where Plaintiff was housed.

11. It is Plaintiff's belief that this was a serious fight that should have resulted in the CCSO and CCDOC implementing a lock down and a sweep for weapons.

12. However, after the fight, CCSO and CCDOC did not put Division 9 or any portion of Division 9 on lockdown or sweep for weapons.

13. As a result of CCSO and CCDOS's inaction, later that same day, another gang related fight broke out between other detainees on Deck 2-A in Division 9, where Plaintiff was housed, including detainee Emilio Izaguirre, #20130910112 and his friend and fellow gang member, Randy Ruiz #20140703252.

14. Plaintiff saw the fight and, along with other detainees, intervened in the fight and tried to separate the detainees who were fighting.

15. Because Plaintiff intervened, Inmate Ruiz approached Plaintiff with a knife, requiring Plaintiff to punch him in self-defense, earning Plaintiff the enmity of Mr. Ruiz and Mr. Izaguirre.

16. The Cook County Sheriff's Office, which handles disciplinary matters in the CCDOC, initially gave Plaintiff an Inmate Disciplinary Report, charging Plaintiff with fighting, battery and aggravated battery.

17. Defendant Williams was the Watch Commander in Division 9 at the time of this incident and thus knew or should have known that Plaintiff and detainees Izaguirre and Ruiz should not be housed in the same unit.

18. Defendant Williams signed the Inmate Disciplinary Report against Plaintiff. Lt. Williams told Plaintiff that he knew this incident would have repercussions throughout the jail since it was a fight between alleged gang members.

19. After CCDOC's investigation of the incident, Plaintiff was found not guilty based on a CCDOC video, which corroborated that Plaintiff acted in self-defense.

20. Due to the blatant antagonism gang members Izaguirre and Ruiz demonstrated to Plaintiff both during and as a result of this incident, and the fact that Plaintiff's actions in punching Ruiz were seen as an attack against the entire gang to which Ruiz and Izaguirre belonged, Plaintiff was transferred to Division 11 in CCDOC.

21. Upon information and belief, at the time of this incident, CCDOC had the practice and policy of issuing "Separation Alerts" concerning inmates when there had been fights, assaults or incidents between prisoners. The Separation Alerts were to ensure that employees of the CCSO and CCDOC did not house inmates who had problems or had had fights in the same deck.

22. Upon information and belief, a "Separation Alert" was or should have been prepared to ensure that Plaintiff and Izaguirre were not housed together.

23. At the time of this incident, Defendant Domma was a Senior Gang Investigator at CCSO responsible for monitoring gang activity in CCDOC. In that capacity, he was or should have been aware of fights, rivalries and issues between gangs and gang members being held in the CCDOC, including the incident with Plaintiff and Ruiz and Izaguirre.

24. As a Senior Gang Investigator, Defendant Domma knew or should have known that Plaintiff was not to be in the same housing unit as detainees Izaguirre or Ruiz.

25. On March 21, 2017, Plaintiff was moved to Division 11, Upper C Pod.

26. On March 21, 2017, CCDOC employees, including the Defendants Williams and Dommo, disregarding the obvious danger of housing detainee Izaguirre with Plaintiff, moved detainee Izaguirre to Division 11 and had him placed in the very wing where Plaintiff was housed.

27. Upon information and belief, both Defendants Domma and Lt. Williams knew or should have known that Izaguirre and Plaintiff should not be housed together yet, Izaguirre was moved into the very pod where Plaintiff was housed. Their actions in moving Izaguirre to the same pod and division where Plaintiff had been moved were objectively unreasonable.

28. Upon seeing Izaguirre enter Division 11, Upper C Pod, hallway worker and detainee Jose D. Orozco Jr. told Correctional Officer Defendant McKenzie, who was on duty in Division 11, Upper C Pod on March 21, 2017, about the March 13, 2017 incident involving Plaintiff and Izaguirre.

29. Orozco further told Defendant McKenzie that Plaintiff and Izaguirre could not be housed together due to the March 13, 2017 incident and that if they

6

remained housed together, a fight would occur and that Izaguirre represented a real threat to Plaintiff.

30. Defendant McKenzie ignored the warning and, upon information and belief, did not investigate the information Mr. Orozco told him and did nothing to protect Plaintiff from an attack from Izaguirre. Defendant McKenzie's action in ignoring Orozco's warning was objectively unreasonable.

31. Later on March 21, 2017, Plaintiff was using the telephone in plain view of the officer's desk, separated only by a glass wall.

32. Despite Plaintiff being in plain view and near the Correctional Officers, Izaguirre was able to approach Plaintiff without any Correctional Officer, including Defendant McKenzie, doing anything to stop Izaguirre's approach to Plaintiff.

33. Izaguirre then attacked Plaintiff by stabbing Plaintiff and causing Plaintiff to suffer serious bodily injury. Only after the attack did the sheriff's officers in the office called a 10-10 alert on the radio.

34. As a result of Defendants' failure to follow the CCDOC and CCSO's policy of ensuring that detainees who have been involved in fights are not housed together, Izaguirre was able to seriously injure Plaintiff.

35. As a result of McKinzie's objectively unreasonable failure to take action to ensure that Izaguirre did not injure Plaintiff, Plaintiff was seriously wounded on March 21, 2017.

36. Plaintiff received medical attention on March 21, 2017 at Mt. Sinai and Cook County Hospitals.

37. Medical staff at Mt. Sinai and Cook County Hospital treated Plaintiff for stab wounds.

38. Medical staff gave Plaintiff staples and sutures on various parts of his body due to the stab wounds.

39. Plaintiff suffered physical pain, permanent disfigurement, injury and emotional trauma as a result of the Defendants' failure to protect him.

40. Despite the fact Defendant McKenzie knew the danger Izaguirre represented to Plaintiff, and that all Defendants were responsible to prevent Izaguirre's attack on Plaintiff, Defendants failed and refused to provide appropriate measures to protect Plaintiff from the attack from Izaguirre.

41. The attack by Izaguirre on Plaintiff was not an isolated, unexpected incident since Defendants knew or should have known that Plaintiff and Izaguirre should be housed separately from each other.

42. The Defendants are aware of the necessity of not housing inmates together who have been in altercations.

43. Plaintiff filed grievances concerning this incident. The grievances were sent to O.P.R. Plaintiff's grievances were not properly investigated and were ignored.

44. Plaintiff has exhausted his administrative remedies for this incident.

## COUNT I
### (Section 1983 Claim for Failure to Protect)

45. Plaintiff re-alleges paragraphs 1 through 44 of Plaintiff's complaint, as if fully set forth at this point.

46. Defendants failed to protect Plaintiff from serious physical harm.

47. The failure to protect the Plaintiff constituted deliberate indifference on the part of Defendants.

48. The failure of the Defendants to protect Plaintiff proximately caused Plaintiff to suffer serious physical injury and caused Plaintiff great pain and suffering.

49. As a direct and proximate result of the wrongful and objectively unreasonable conduct of the Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff asks judgment against Defendants in a sum sufficient to compensate him for the wrongful deprivation of his Civil Rights and for punitive

damages, together with the costs of this litigation and reasonable attorneys' fees.

## COUNT II
### (Indemnification – County of Cook)

50. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

51. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. Defendants Domma, Williams and McKenzie were at all relevant times employees of Defendant County of Cook and were acting within the scope of their employment in committing the misconduct described herein.

52. Defendant Cook County has a duty to indemnify Defendants Domma, Williams and McKenzie against all damages, including attorney fees recovered by Plaintiff in this case.

WHEREFORE. Plaintiff requests that a Judgment be entered against Defendant County of Cook for the amounts of any compensatory damages, attorneys and fees and costs awarded against Defendants.

## JURY DEMAND

Plaintiff demands trial by jury on all Counts that may be tried to a jury.

Respectfully submitted,

/s/ Melinda Power

West Town Law Office
2502 West Division Street
Chicago, IL  60622
773-278-6706
melindapower1@gmail.com


/s/ Philip J. DeVon
Philip J. DeVon
2502 West Division Street
Chicago, IL 60622
847-903-8464
philipdevonlaw@gmail.com


*Attorneys for Plaintiff*